810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin COOPER and Anita Cooper, Plaintiffs-Appellants,
v.
Chalmer CHASTAIN, Jr., Defendant-Appellee.
 No. 85-6019.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1986.
 
 Before LIVELY, Chief Judge, and KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jurisdiction of this medical malpractice case from Tennessee is based on diversity of citizenship. The plaintiffs are the parents of Michael Cooper who was five years old at the time of his death on May 4, 1979. Death was attributed to Rocky Mountain Spotted Fever.
 
 
 2
 The plaintiffs originally sued two physicians, Dr. Ronald W. Thomas and Dr. Chalmer Chastain, Jr., the appellee. Subsequently, the plaintiffs brought a separate action charging a third physician, Dr. Smith, with malpractice and the cases were consolidated. Prior to trial the plaintiffs settled with Dr. Thomas and he was dismissed. A jury trial of the action against the two remaining defendants resulted in a verdict of no cause of action against Dr. Smith and an award of damages in the amount of $200,000 against Dr. Chastain. Thereafter, the district court entered an order setting aside the verdict of the jury insofar as it awarded damages against Dr. Chastain and ordering a new trial. The plaintiffs sought to bring an interlocutory appeal to this court and when that appeal was denied, sought mandamus. The petition for a writ of mandamus was also denied. Following a new trial before a different judge a jury returned a verdict that the plaintiffs were not entitled to recover damages from Dr. Chastain.
 
 
 3
 The plaintiffs have appealed to this court, arguing that the first trial judge abused his discretion in granting a new trial and, in the alternative, that the second trial judge erred in denying the plaintiffs' motion for a new trial following the verdict of no cause of action. We look first at the question of whether the first trial judge abused his discretion in granting a new trial, since if we decide in favor of the plaintiffs on that issue, it will not be necessary to consider any claims of error with respect to the second trial.
 
 
 4
 The separate functions of court and jury in the federal judicial system were clearly set forth by the Supreme Court in Tennant v. Peoria and Pekin Railway Company, 321 U.S. 29, 35 (1974):
 
 
 5
 It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572; Tiller v. Atlantic Coast Line R. Co., supra, 68; Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 354. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.
 
 
 6
 In ruling on a motion for a new trial based on the ground that the verdict is against the weight of the evidence, a trial judge must look at all the evidence, but is not free to disturb the jury verdict merely because he or she would have reached a different result. The test is one of reasonableness. This does not mean that the trial judge may set aside a verdict because it would have been reasonable for the jury to have decided the case differently. Rather it means that the jury verdict may be set aside only if it is one that could not have been reasonably reached. Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir.), cert. denied, 389 U.S. 913 (1967).
 
 
 7
 An examination of the record before us, and particularly the memorandum of the first trial judge accompanying his order granting a new trial, convinces this court that the trial judge did abuse his discretion in granting the motion for a new trial. It is clear from the memorandum of decision that the trial court undertook to decide questions of credibility, a clear function of the jury, and that he ignored both lay and expert testimony from which the jury could reasonably have found that Dr. Chastain was negligent. This point was emphasized at oral argument when counsel for the appellee continually relied on his client's version of disputed and contradictory evidence in seeking to uphold the order granting a new trial.
 
 
 8
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the order granting a new trial following the first trial constituted an abuse of discretion. Accordingly, the judgment of the district court is reversed and the case is remanded with directions to enter judgment for the plaintiffs on the original verdict of the jury.